OPINION of the Court, by
Judge Wallace.
This
Is a contest for land held under adversary titles obtained from the commonwealth of Virginia. Hogland was complainant in the court below, and his claim must be first investigated. His entry and those on which it depends are as follows, to wit:
“ Cornelius Hogland enters 1000 acres upon two treasury warrants, on a branch, on.the south side of the Rolling Fork, about 4 1-2 miles above the preceding entry, to include three improvements, Joseph Anderson’s, Samuel Humphreys’s, and Tilmer Camphor’s, dated July 7th, 1780.” It appears and seems to be conceded, that the entry here alluded to is, “ Charles Huff enters 1000 acres upon a treasury warrant, on the north side of the Rolling Fork, 11-2 mile above the last entry, to include an improvement of Randolph Speires,” dated July 7th, 1780. It also appears and seems to be conceded, that the entry here alluded to is, “ John Kenney enters 1062 acres upon two treasury warrants, on the south side of the Rolling Fork, adjoining all around John Philips’s entry of 200 acres,” dated July 7th, 1780. And it further appears and seems to be conceded, that the entry here intended is, “ John Philips, assignee, &c. enters 200 acres upon a military warrant, on the Rolling Fork of Salt River, to include an improvement of John Bentley’s, on the opposite side from the said Bentley’s preemption,” dated June 23d, 1780.
This last entry ought to be first considered ; because it is obvious, that on it, all the other entries which have been recited, do materially depend. The Rolling Fork of Salt River, is proven, and must be presumed, to have been well known at the time this entry was made ; but John Bentley’s pre-emption entry is not exhibited. Indeed, from the depositions, it is probable that such a. claim did not exist ; and from the other calls in Philips’s entry it was impossible for other adventurers to ascertain what part of this extensive water course was intended. This defect alone must be fatal to the complainant’s entry, unless it contains calls for other objects so circumstanced that they could have been found with certainty, and by them the precise form and situation of the land he intended to have appropriated could be de *122 termined independent of Philips’s entry, and independent of Kenney’s and Huff’s entries, of all which Philips’s entry must be considered as a part; and Huff’s and. Kenney’s entries must also be considered as parts of Hogland’s entry ; but this is not shewn to have been the case ; for not one of the special locative calls in Hog-land’s entry, nor in those of Kenney’s or Huff’s is proven to have been known, at the date of their entries, to the generality of the persons who were conversant in the vicinity where the land in contest is situated j nor does it appear, that they could have been certainly found, by using any reasonable degree of diligence ; and the one or the other of these requisites are essential to constitute a valid or legal entry in any case. But if such evidence had been produced in this case, still the situation of Philips’s claim would have been essential in fixing the situation of each of the others, and that of Hogland’s in particular. These principles were established by the decisions of this court, Myers vs. Speed, (a) Cox vs. Smith, and many others which need not be recited. Moreover, the improvements called for in these entries, if they had been found, had no marks by which they could have been distinguished from other improvements, or could have been known to belong to, or to have been made by, the individuals to whom they are therein ascribed. And it may be further observed, that the distance of 4 1-2 miles specified in Hogland’s entry, and 1 1-2 mile in Huff’s entry were calculated to induce other adventurers to conceive, that the improvements called for, were much more remote from each other, than are the improvements now shewn ; and consequently tended rather to mislead, than to guide them in their researches. On a view of the whole case, this court fully acquiesces in the decision of the court below» Decree affirmed.

 Hugh. 99-Har. 411.